IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LEROY SHELLEY,                    )
aka Tyron Davis,                  )
                                  )
            Petitioner,           )
                                  )
      v.                          )      Civil Action No. 15-503-GMS
                                  )
FERRIS W. WHARTON,                )
Delaware Superior Court Judge,    )
                                  )
            Respondent.           )

**M E M O R A N D U M**

## I.  BACKGROUND

In April 1998, while he was incarcerated in Pennsylvania, petitioner Leroy Shelley

("Shelley") was indicted in Delaware on charges of robbery and related charges. *See Shelley v.*

*Filino*, 2013 WL 6092806, at *1 (D. Del. Nov. 18, 2013). On November 7, 2007, a Delaware

Superior Court jury convicted Shelley, *inter alia*, of two counts of first degree robbery and two

counts of possession of a firearm during the commission of a felony. The Delaware Superior

Court sentenced him to a total of twenty-four and one-half years at Level V, to be suspended after

serving eighteen and one-half years for decreasing levels of supervision. Shelley did not file a

direct appeal. *Id.*

In February 2012, this court denied as time-barred Shelley's first petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. *See Shelley v. Att'y Gen. of Del.*, 2012 WL 379907,

at *5 (D. Del. Jan. 31, 2012). Thereafter, in October 2012, Shelley filed another petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254, which the court dismissed for lack of

jurisdiction because it constituted an unauthorized second or successive habeas petition. *See*

*Shelley*, 2013 WL 6092806 at *2.

Presently pending before the court is a document Shelley filed on a form used for prisoner complaints requesting relief under 42 U.S.C. § 1983 (D.I. 3) and a document titled "motion for preliminary injunction and restraining order" (D.I. 4). In both documents, Shelley challenges his 2007 conviction on the basis that his 1998 indictment and his 2007 re-indictment were defective. He also contends that the Delaware Superior Court erred in denying his most recent Rule 61 motion as time-barred in *State v. Shelley*, 2014 WL 5713236 (Del. Super. Ct. Oct. 27, 2014). Shelley asks the court to reinstate his "appeal" rights. (D.I. 3 at 9; D.I. 4 at 1).

## II. DISCUSSION

Federal courts are required to liberally construe *pro se* pleadings, and must "look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *See United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).

### A. Claims Erroneously Asserted Under 42 U.S.C. § 1983

Suits challenging state administrative procedures or conditions of confinement are properly brought pursuant to 42 U.S.C. § 1983. *See generally id.; see also Muhammad v. Close*, 540 U.S. 749, 750 (2004)("requests for relief turning on circumstances of confinement may be presented in a §1983 action"). In contrast, suits challenging "the judgment of a State court [] on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States," where the petitioner seeks either immediate release or speedier release, are properly brought pursuant to 28 U.S.C. § 2254(a). *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, although Shelley has presented his challenge to the legality of his 2007 conviction on a § 1983 complaint form, his argument is more properly asserted and considered under § 2254.[1] Therefore, the court will construe the complaint to be a § 2254 petition.

### B. Second or Successive Habeas Claims

The court's act of construing the instant proceeding as though filed pursuant to § 2254, however, does not aid Shelley in his quest for relief. To the extent Shelley complains about the Delaware Superior Court's "erroneous" application of Rule 61's requirements when it denied his Rule 61 motion in 2014, the issue asserts an error of state law that is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

To the extent Shelley contends that his 2007 conviction is unconstitutional because of some invalidity with his 1998 and 2007 indictments, the contention constitutes his third request for habeas relief in this court. Considering that the court's denial of Shelley's first federal habeas petition as time-barred constitutes an adjudication on the merits when the court denied it as time-barred,[2] the instant petition constitutes a second or successive habeas petition within the meaning of 28 U.S.C. § 2244. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*,

---

[1]To support his filing of the instant argument pursuant to § 1983, Shelley asserts that *Skinner v. Switzer*, 562 U.S. 521 (2011) "is the controlling case in this matter." (D.I. 3 at 9) In *Skinner*, the Supreme Court held that a convicted state prisoner properly sought DNA testing of the crime scene evidence based on due process in a § 1983 action, rather than in a § 2254 proceeding, because success in such a suit would not necessarily imply that the state's custody was illegal. *Id*. at 535-36. Here, however, Shelley is not seeking DNA testing or challenging any discovery procedures, and he does not base his right to relief on any post-conviction right created under state law. Rather, his argument regarding the alleged defective indictments is an attempt to relitigate the criminal proceedings that resulted in his conviction and challenges the legality of his current custody. Therefore, the *Skinner* holding is inapplicable to Shelley's case, and the court concludes that his argument is more properly construed as asserting a claim for habeas relief.

[2]*See Murray v. Greiner*, 394 F.3d 78, 80 (2d Cir. 2005).

325 F.3d 166, 169-73 (3d Cir. 2003). Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). The record reveals that Shelley did not obtain permission from the Third Circuit Court of Appeals before filing his pending habeas request. Accordingly, the court will dismiss the instant unauthorized second or successive petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at139.

### C. Injunctive and/or Mandamus Relief

Finally, in his document titled "motion for a preliminary injunction," Shelley contends that the Delaware Superior Court should have "exempted" him from the time limitations contained in Rule 61 because he was originally prosecuted outside the "five years in which a prosecution can commence pursuant to an indictment." (D.I. 4 at 1-2) He asks the court to compel the Delaware state courts to "reinstate his appeal rights" which, when viewed in context with the record, appears to be a request for this court to compel the Delaware Superior Court to reinstate his Rule 61 motion and consider it timely filed.

Whether Shelley's request is construed as a request for mandamus relief or as a request for a preliminary injunction, such extraordinary relief is difficult to obtain. For instance, to obtain a writ of mandamus, Shelley must satisfy the following three conditions: (1) he must demonstrate that he has "no other adequate means to attain the relief he desires"; (2) he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable"; and (3) "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380-81 (2004). Notably,

mandamus is not a substitute for an appeal. *See Madden v. Myers*, 102 F.3d 74, 77 (3d Cir. 1996).

In order to obtain a preliminary injunction, Shelley must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in his irreparable injury; (3) granting the injunction will not irreparably harm the nonmoving party; and (4) granting the injunction is in the public interest. *See Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004); *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1997). All four factors must be established in order to obtain injunctive relief. *See Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999).

The relief sought by Shelley, namely, reinstating his Rule 61 motion before the Delaware Superior Court and preventing that state court from denying said Rule 61 motion as time-barred, is not available by way of mandamus or injunction. First, this court does not have the authority to issue a writ of mandamus directing the state court to vacate its orders regarding the dismissal of Shelley's Rule 61 motion. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001)("[W]e cannot . . . use our power to issue mandamus to a state judicial officer to control or interfere with state court litigation, thus exceeding our jurisdiction."); *In re Wolenski*, 324 F. 2d 309 (3d Cir. 1963)(a district court has no jurisdiction to issue a writ of mandamus compelling action by a state official). Second, the court cannot issue a preliminary injunction because Shelley has failed to satisfy any of the four elements required to obtain injunctive relief. In sum, Shelley's recourse regarding his assertion that the state courts misapplied Rule 61, if any, lies with the Delaware state courts, not the federal courts. Accordingly, the court will deny Shelley's motion for a preliminary injunction and/or mandamus relief.

## IV. CONCLUSION

For the aforementioned reasons, the court will deny Shelley's § 2254 petition for lack of jurisdiction. The court will also deny Shelley's motion for a preliminary injunction and/or mandamus relief. Given this disposition, the court will deny as moot Shelley's motion for leave to proceed *in forma pauperis*. Additionally, the court declines to issue a certificate of appealability because Shelley has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Nov. 4, 2015
DATE

UNITED STATES DISTRICT JUDGE